CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 30 2010
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LAWRENCE R. COOK,<br>    Petitioner, | Civil Action No. 7:09cv00509 |
| v. | MEMORANDUM OPINION |
| WARDEN OF THE LUNENBURG<br>CORRECTIONAL CENTER,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Lawrence R. Cook challenging his 2005 guilty plea and sentence in the Circuit Court of Buchanan County, Virginia on three counts of distributing oxycodone in violation of Virginia Code §18.2-248. Respondent maintains that Cook has procedurally defaulted his claims. The court agrees and finds that and that Cook has not demonstrated grounds to excuse his default. Accordingly, the court dismisses Cook's petition.

I.

Cook was charged in the Circuit Court of Buchanan County with three counts of distributing oxycodone and two counts of conspiring to distribute oxycodone. On March 30, 2005, the day before the first of the five charges was scheduled for a jury trial, the Commonwealth's Attorney provided Cook's trial counsel a damaging letter written by one of Cook's anticipated witnesses. The next day, while jurors waited, Cook entered a plea agreement with the Commonwealth, agreeing to plead guilty to the three distribution charges. In exchange, the Commonwealth agreed to nolle prosequi the conspiracy charges. Cook, who was on probation for seven other controlled substance offenses, also agreed that he had violated the terms of his probation and indicated that he understood that he would be sentenced for that violation at the time he was sentenced on the three new charges.

Cook acknowledged that he had discussed the charges and the elements of those charges with his counsel; understood what the Commonwealth was required to prove before he could be found

guilty; discussed with his counsel any possible defenses he might have had and whether he should plead not guilty, guilty, or nolo contendere; decided for himself that he should plead guilty; was entering his plea freely and voluntarily; was pleading guilty because he was in fact guilty; agreed that the Commonwealth's evidence was sufficient to find him guilty beyond a reasonable doubt; understood the rights he was waiving; understood that his probation could be revoked; understood the maximum possible penalties provided by law for the offenses; understood that he was waiving his right to appeal "except for certain very limited matters;" and indicated he was satisfied with the services of his attorney.

The Circuit Court conducted a plea colloquy in open court, Cook pled guilty to each of the three distribution counts, and the Circuit Court heard a summary of the evidence as to each offense. According to that summary, on each of three separate occasions, a cooperating witness equipped with a recording device made a controlled purchase from Cook. The Circuit Court accepted Cook's plea and released the jury.

Approximately two weeks later, Cook wrote the Circuit Court seeking to withdraw his guilty plea because he claimed it had been coerced. The court heard evidence on that motion on June 27, 2005, and concluded that Cook had "understood exactly" what he was doing and that no one had coerced him to plead guilty. Consequently, the Circuit Court denied the motion and proceeded to sentencing. On the new charges, the court sentenced Cook to 15 years, with 11 years suspended; and on the probation violation, it sentenced him to 22 years, with 16 years suspended. Cook filed separate appeals to the Court of Appeals of Virginia, one relating to the new charges and one as to the probation violation, and, in each instance, the Court of Appeals affirmed.

Cook did not appeal to the Supreme Court of Virginia, but later filed a habeas corpus petition with that court raising various claims relating to the new charges, including the claim that he had

received ineffective assistance because his counsel failed to appeal his conviction on those charges to that court. The Supreme Court of Virginia granted relief on the failure to appeal claim and dismissed the remaining claims without prejudice to Cook's "right to file a subsequent petition for a writ of habeas corpus limited to the ground or grounds assigned" in the petition that was before the court. Cook then perfected the appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia raising the single claim that the trial court had erred in refusing to allow him withdraw his plea of guilty. On June 20, 2008, the Supreme Court of Virginia refused Cook's petition for appeal, and it denied his petition for rehearing on September 18, 2008.

Cook failed to file another habeas petition with the Supreme Court of Virginia raising the claims it had dismissed without prejudice and instead filed his current federal habeas petition claiming that counsel had failed to interview witnesses, investigate petitioner's background, investigate defenses, file a motion to suppress evidence, file a motion to suppress a confession, participate in trial, introduce exculpatory evidence, investigate mitigating evidence, and investigate the prosecution witnesses.[1]

## II.

Respondent maintains that Cook procedurally defaulted his claims when he failed to file another habeas petition with the Supreme Court of Virginia raising the claims that court dismissed without prejudice when it granted him a belated appeal. Under Virginia Code § 8.01-654(A)(2) Cook had one year from the conclusion of his direct appeal to file a state habeas petition raising the claims the Supreme Court of Virginia dismissed without prejudice. The court agrees with respondent, that Cook procedurally defaulted the claims he presents here because he failed to raise

---

[1] The respondent has noted that "it is not clear exactly what allegations [Cook] is making," but that the above claims could be gleaned from the papers he has filed. The court agrees that Cook's claims are unclear and that it is necessary to glean his papers to discern his claims.

3

them following the conclusion of his direct appeal.

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This requires that the federal claim be "fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner has not fairly presented his federal claim to a state court if the claim is presented in a "procedural context in which its merits will not be considered." Castile v. Peoples, 489 U.S. 346, 352-52 (1989). It does not suffice to merely "present" a claim to the state courts "even though it was not presented in the manner that state law requires." Edwards v. Carpenter, 529 U.S. 446, 452 (2000). A federal claim not fairly presented and which has become procedurally barred from further state court review is procedurally defaulted. "In all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

This court concludes that when one or more federal claims are joined in a state habeas petition with a claim that the petitioner's lawyer failed to note an appeal, and the state court grants habeas relief affording the prisoner a belated appeal and dismisses his other claims without prejudice (should that become necessary following the conclusion of his direct appeal) a federal habeas petitioner who forgoes, and thereby loses, his opportunity to raise those other federal claims in state court, has procedurally defaulted them from federal habeas review. The claims that the Supreme Court of Virginia dismissed without prejudice were not presented to the state court in a procedural context in which their merits were appropriately considered. That Court was not given a "fair

opportunity" to pass upon the claims. See Edwards, 529 U.S. at 452-53.[2] And if Cook were to present the claims now, the Supreme Court Virginia would dismiss them pursuant to Virginia Code § 8.01-654(A)(2) because they are now untimely. Accordingly, the court finds that Cook has failed to properly exhaust all of his current federal habeas claims and they are now simultaneously exhausted and procedurally defaulted. Teague v. Lane, 489 U.S. 288. 297-99 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); Sparrow v. Director, Dept. of Corrections, 439 F. Supp.2d 584, 587-88 (E.D. Va. 2006).

However, a petitioner may obtain review of a defaulted claim by establishing cause for the default and prejudice from the failure to review that claim. Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Teague, 489 U.S. at 288; Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998). In this case, Cook makes no showing of cause and prejudice to excuse his default. Accordingly, the court finds that his claims are barred from federal habeas review, and therefore, are dismissed.

### III.

For the foregoing reasons, the court dismisses Cook's habeas petition.[3]

**ENTER**: This August 30, 2010.

_____
United States District Court

---

[2] To reach an opposite conclusion would be to give lip service and nothing more to the "fair opportunity" comity and federalism require.

[3] Although the court dismisses Cook's habeas petition because he procedurally defaulted the claims he raises, the Court has also reviewed them on the merits and finds them to be frivolous. From a review of the plea colloquy, Cook's plea agreement, his written answers to questions concerning that plea agreement, including his representation that he was satisfied with the services of his counsel, and the Circuit Court's finding of fact that Cook had "understood exactly" what he was doing and that no one had forced him or coerced him, it is clear that Cook entered knowing and voluntary pleas that were supported by an independent basis in fact. Moreover, nearly all of Cook's ineffective assistance claims predated the entry of his plea, and there is no reasonable likelihood that but for counsel's alleged unprofessional errors a reasonable defendant, in light of the evidence the Commonwealth had against him, would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (applying Strickland v. Washington, 466 U.S. 668 (1984) in the context of a guilty plea.). Cook's remaining ineffective assistance claims fail either or both of Strickland's two-prongs.